[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved to open a judgment of dismissal entered by the court on January 2, 2002 for failure to prosecute this action with reasonable diligence.
The plaintiff has failed to file a timely motion to open the judgment of dismissal. Practice Book § 17-4 provides that any civil judgment or decree may not be opened or set aside "unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent." The plaintiff did not file a motion to open within the required time frame as the notice of the dismissal in this case was mailed on January 7, 2002 and the plaintiffs motion to open was not filed with the court until May 8, 2002.
Moreover, the justification asserted by the plaintiff for opening the dismissal is insufficient to warrant doing so. The plaintiff contends that the matter should be opened because the case has been claimed to the trial list. The court file indicates that this matter has not been properly claimed to the jury trial list. Although the case had been claimed for the jury trial list on November 1, 1996, a subsequent entry of nonsuit against the plaintiff on April 4, 1997 and opening of the nonsuit on May 16, 1997 necessitated a filing of a new certificate of closed pleadings and new claim for the jury trial list. Because the plaintiff failed to do so, the case was then dismissed for failure to prosecute with reasonable diligence on two occasions, December 12, 1997 and June 18, 1999. Despite these dismissals and the filing in December 2001 of the defendants' motions to dismiss for failure to prosecute, the plaintiff never filed a new certificate of closed pleadings and jury claim.
Even if the plaintiff was not aware that he needed to file a new certificate of closed pleadings and a claim for a jury trial as a result of the opening of the nonsuit, the prior dismissals of this action for failure to prosecute should have put the plaintiff on notice that he needed to take action to prosecute the claim. Additionally, on or about November 9, 2001, the plaintiff was sent notice pursuant to the docket management program that this matter had not been prosecuted with reasonable diligence and that it would be dismissed unless the pleadings were closed or a request for exemption was granted.
For these reasons, the plaintiffs motion to open judgment is denied. CT Page 6753
BY THE COURT
 ___________________ Judge Jon M. Alander
Judge Ion M. Alander